Henry M. Margolis and Nexhmie Z. Margolis, et al. [1] v. Commissioner. Margolis v. Commissioner
Docket Nos. 56847-56851.
United States Tax Court
T.C. Memo 1957-109; 1957 Tax Ct. Memo LEXIS 127; 16 T.C.M. (CCH) 454; T.C.M. (RIA) 57109; June 28, 1957
*127 Held, petitioners failed to prove that the method used in computing depreciation for hotel property and vending machines (a declining balance with a variable rate) produced reasonable allowances; held, further, petitioners failed to prove that certain vending machines, which petitioners originally estimated as having a life of five years, may now be depreciated on a revised estimate of a three-year life. Morris Back, Esq., 51 Chambers Street, New York, N.Y., for the petitioners. Victor H. Frank, Jr., Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in income tax against the following petitioners and in amounts as set out below: Docket
Number
Year
Deficiency
Henry M. Margolis and
Nexhmie Z. Margolis
56847
1949
$2,217.82
Nexhmie Z. Margolis
and Henry M. Mar-
golis
56848
1949
2,217.82
Henry M. Margolis
56849
1950
2,679.30
Estate of Sol Sochet,
Deceased, Dinah So-
chet, Executrix, and
Dinah Sochet, Sur-
viving Wife
56850
1949
1,117.42
Dinah Sochet
56851
1950
1,215.68
The issues in these consolidated proceedings are (1) whether *128 the partnerships involved herein properly computed depreciation on certain assets during the taxable years, and (2) whether the remaining useful life of certain assets owned by the partnerships is three years, as claimed by the petitioners, or five years, as determined by the respondent. Some of the facts have been stipulated and are found accordingly. Findings of Fact The petitioners in each docket are residents of New York, New York, and properly filed returns for the years 1949 and 1950 with the then collector of internal revenue for the third district of New York. The petitioners were members of the partnerships hereinbelow set forth in which they shared profits and losses in the following ratios: Henry M.
and Nexhmie
Sol and
Z. Margolis
Dinah Sochet
Fidelity Capital Co.
25%
None
Thomas Jefferson Co.
50%
50%
Hotel Alexandria Co.
60%
40%
Hotel Ransby Co.
40%
30%
Each of the partnerships in which petitioners had the above-mentioned interests, owned property on which depreciation was taken. Fidelity Capital Company owned soft drink vending machines. The other partnerships owned hotel buildings, furniture and fixtures. The method *129 of computing depreciation on the items of property held by the various partnerships was to take an increasing per cent on a decreasing balance, which per cent was at the same time a decreasing per cent on the original cost, over the useful life of the property "writing off" the entire balance. The following example illustrates the method employed with an assumed asset having a useful life of five years and a cost of $10,000: Remaining
Remaining
Calculation of
Rate on
Amount of De-
Year
Cost
Life
Rate on Remaining Cost
Original Cost
preciation
1
$10,000.00
5
20% + (1/2 of 20%) or 30% (3/10)
30%
$3,000.00
2
7,000.00
4
25% + (1/2 of 25%) or 37 1/2% (3/8)
26 1/4%
2,625.00
3
4,375.00
3
33 1/3% + (1/2 of 33 1/3%) or 50% (3/6)
21 7/8%
2,187.50
4
2,187.50
2
50% + (1/2 of 50%) or 75% (3/4)
16.41%
1,640.62
5
546.88
1
Balance Written Off 100%
5.47%
546.88
The accountant who established this method of depreciation had not used this method of depreciation on any other assets in his practice as an accountant. He could not say whether the method was in accordance with recognized trade practices, or had ever been used by any one *130 else. The buildings owned by the three partnerships were all located in New York. The furniture and fixtures used therein were used five, six, seven and eight years. Many of the vending machines, which petitioners originally reported as having useful life of five years, and which petitioners now contend have a useful life of three years, were still in use in the fourth, fifth and sixth years. The machines were placed in theaters, department stores, and other public places and dispensed various soft drinks. The respondent disallowed the depreciation claimed as being improperly computed and in any event, unreasonable, and allowed depreciation based on the declining balance method, which method most closely approximates the method used by the petitioners. The respondent also determined that the vending machines in issue had a useful life of five years instead of three, as claimed by petitioners. Opinion As to the method employed by petitioners in computing depreciation, we do not think that it is necessary to determine whether the method employed was a proper one. We have determined that the petitioners have failed to sustain their burden of proving that the amounts of depreciation *131 claimed under this method were reasonable. Section 23(1) of the Internal Revenue Code of 1939 allows as a deduction in computing net income, depreciation which is "A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -." [Italics added.] Referring to this allowance, Regulations 111, section 29.23(1)-1 provides: "For convenience such an allowance will usually be referred to as depreciation, excluding from the term any idea of a mere reduction in market value not resulting from exhaustion, wear and tear, or obsolescence." As to the method of computing depreciation allowance, Regulations 111, section 29.23(1)-5 provides: "The capital sum to be recovered shall be charged off over the useful life of the property, either in equal annual installments or in accordance with any other recognized trade practice, * * *. Whatever plan or method of apportionment is adopted must be reasonable and must have due regard to operating conditions during the taxable period. * * * The deduction for depreciation in respect of any depreciable property for any taxable year shall be limited to such ratable amount as may reasonably be considered *132 necessary to recover during the remaining useful life of the property the unrecovered cost or other basis. The burden of proof will rest upon the taxpayer to sustain the deduction claimed. * * *" It is evident under the statute and the regulations that the "reasonable allowance" for depreciation need not be at a uniform rate. Taxpayers are granted a certain leeway in adopting methods of computing the depreciation allowance. However, where the method adopted by the taxpayer does not result in equal annual installments or is not in accordance with any recognized trade practice, then the burden of proof is placed upon him to sustain the deduction claimed under his chosen method. This the petitioner here has failed to do. In the instant case, the evidence concerning reasonableness of the depreciation claimed was wholly unsatisfactory. The only witness in the case was Morris Back, petitioners' attorney and accountant, who tried the case for petitioners. He testified that he was not qualified to testify as to the amount of wear and tear on the buildings. His testimony as to the other assets was general in nature. It was not shown that he had any experience or technical qualifications *133 to testify as to wear and tear on the vending machines and hotel equipment. He had no experience as a mechanic or engineer. He negotiated the purchase of the vending machines but had no previous experience in the soft drink or dispenser business. He did not know how much was spent on repair of the machines and had never even seen some of them. We rejected such evidence from unqualified witnesses in Woodside Cotton Mills Co., 13 B.T.A. 266, and The Copifyer Lithograph Corp., 12 T.C. 728. The second issue involves the useful life of the vending machines. The petitioners have again failed to sustain their burden. Petitioners are, in effect, arguing that although they originally used five years as the useful life of the machines, extraordinary obsolescence has made it necessary to shorten the useful life in order to recover their cost. We stated in Giles E. Bullock, 26 T.C. 276: "The burden is upon the taxpayer to furnish evidence to show that the useful life of the property has been shortened by obsolescence and that its cost will not be recovered by the deduction for depreciation for ordinary wear and tear before its usefulness is at an end. *134 [Citation]. Thus, the taxpayer has the burden of proving that the property is becoming obsolete and when it will be obsolete. [Citation]." Also see Regulations 111, section 29.23(1)-6 for a definition of obsolescence. We do not think that petitioners have proved that the machines in question will become obsolete or will have to be abandoned prior to their original useful life. In fact, the evidence was that many of the machines were still in use and had not been abandoned at the end of their fifth year. We therefore sustain the respondent's determination that the vending machines had a useful life of five years. Decisions will be entered under Rule 50. Footnotes
1. The following proceedings are consolidated herewith: Nexhmie Z. Margolis and Henry M. Margolis, Docket No. 56848; Henry M. Margolis, Docket No. 56849; Estate of Sol Sochet, Deceased, Dinah Sochet, Executrix, and Dinah Sochet, Surviving Wife, Docket No. 56850; and Dinah Sochet, Docket No. 56851.↩